# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **LAIAL HARB**, individually, and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| | : | No.: |
| Plaintiff, | : | Hon. |
| v. | : | |
| | : | |
| **MARIO GIBSON LLC d/b/a THE FLOWER BOWL**, a limited liability company, **420 RELIEF, LLC d/b/a FLOWER BOWL CORKTOWN**, a limited liability company, **19533 WEST WARREN, INC. d/b/a THE FLOWERBOWL DETROIT**, a Michigan corporation, **RGH I, LLC d/b/a THE FLOWER BOWL II**, a limited liability company, **THE FLOWER BOWL INVESTMENT GROUP LLC**, a limited liability company, **THE FLOWER BOWL MONROE, LLC**, a limited liability company, **ROYAL HIGHNESS PC3 LLC d/b/a FLOWER BOWL RIVER ROUGE**, a limited liability company, **FLOWERBOWL WESTLAND LLC**, a limited liability company, **EMMET GIBSON**, an individual, **MARIO GIBSON**, an individual, **HASSAAN ZAAROUR**, an individual, **ALI MAZLOUM**, an individual, **RAMONE BEATY**, an individual, **RIF HAMADE-MOUBARAK**, an individual, **HASSAN ZEITOUN**, an individual, **ROBERT HUNSICKER**, an individual, **TAREK JAWARD**, an | : : : : : : : : : : : : : : : : : : : : : : : : : | **COMPLAINT AND JURY DEMAND** |

individual, **MOHAMMAD HAMADE**, an individual,

                              Defendants.

_____

Plaintiff, Laial Harb ("Plaintiff"), hereby brings action for Court Supervised Notice against Defendant MARIO GIBSON LLC d/b/a THE FLOWER BOWL, Defendant 420 RELIEF, LLC d/b/a FLOWER BOWL CORKTOWN, Defendant 19533 WEST WARREN, INC. d/b/a THE FLOWERBOWL DETROIT, Defendant RGH I, LLC d/b/a THE FLOWER BOWL II, Defendant THE FLOWER BOWL INVESTMENT GROUP LLC, Defendant THE FLOWER BOWL MONROE, LLC, Defendant ROYAL HIGHNESS PC3 LLC d/b/a FLOWER BOWL RIVER ROUGE, Defendant FLOWERBOWL WESTLAND LLC, Defendant EMMET GIBSON ("Defendant E. Gibson"), Defendant MARIO GIBSON ("Defendant M. Gibson"), Defendant HASSAAN ZAAROUR ("Defendant Zaarour"), Defendant ALI MAZLOUM ("Defendant Mazloum"), Defendant RAMONE BEATY ("Defendant Beaty"), Defendant RIF HAMADE-MOUBARAK ("Defendant Hamade-Moubarak"), Defendant HASSAN ZEITOUN ("Defendant Zeitoun"), Defendant ROBERT HUNSICKER ("Defendant Hunsicker"), Defendant TAREK JAWARD ("Defendant Jaward"), Defendant MOHAMMAD HAMADE ("Defendant Hamade") (collectively, "Defendants"), and states as follows:

1

## INTRODUCTION

1.     This is an action seeking Court Supervised Notice pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendants, arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.     Defendants are "a chain of recreational and medical cannabis dispensaries located in Metro-Detroit."[1] According to their website, Defendants maintain five (5) dispensaries: Cherry Hill – Inkster; Detroit; Corktown; River Rouge; and Michigan Avenue – Inkster.[2]

3.     In order to provide the aforementioned service, Defendants employed hourly non-exempt employees in the Metro-Detroit area. These employees held job titles that included, but were not limited to, delivery driver and budtender.

4.     Defendants violated the FLSA by knowingly suffering or permitting Plaintiff and other hourly employees to work in excess of forty (40) hours in workweeks without paying overtime compensation at a rate of 1.5 times their "regular rate" at which they were employed. 29 U.S.C. § 207. Defendants also violated the anti-retaliation provisions of the FLSA as to Plaintiff Harb by retaliating

---

[1] *See* https://www.flowerbowl.com/ (last visited Apr. 18, 2024).
[2] *Id*.

against her for complaining to Defendants about the FLSA wage violations discussed herein.

5.     Defendants knew, or could have easily determined, that their employees were legally entitled to overtime, but Defendants deliberately denied them of it and, thus, denied them of the protections of employees under the FLSA. Defendants' conduct in that regard amounts to a willful violation of the overtime provisions of the FLSA.

6.     Plaintiff seeks a declaration that her rights, and the rights of the Putative Plaintiffs, were violated, a judgment awarding them unpaid back wages, liquidated damages, attorneys' fees and costs to make them whole for damages they suffered, and any other remedies to which they may be entitled, and to help ensure Defendants will not subject future workers to the same illegal conduct in the future.

7.     At the earliest time possible, Plaintiff will request that Court-authorized notice of this action be sent, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees who worked for Defendants at any time in the past three years.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

9.      Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

10.     Defendants' annual sales exceed $500,000, and Defendants employ more than two individuals; thus, the FLSA applies in this case on an enterprise basis. Defendants' hourly employees engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

11.     This Court has personal jurisdiction over Defendants because Defendants conduct business within the state of Michigan, employ individuals within the state of Michigan, are registered with the Michigan Department of Licensing and Regulatory Affairs, and maintain their principal place of business in the state of Michigan.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employ hourly employees in this District, conduct business in this District, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

## PARTIES

13.     Plaintiff Laial Harb is a resident of Dearborn, Michigan and worked for Defendants as an hourly, non-exempt employee, with the specific job title of

Delivery Driver, from approximately October 2021 through December 2021. Defendants compensated Plaintiff through the payment of an hourly rate, most recently $16.00 per hour. Plaintiff signed a consent to join this FLSA action, which is attached as **Exhibit A**.

14.     During the past three years, additional Opt-in Plaintiffs were or are employed as hourly employees and their consent forms will also be filed in this case.

15.     Defendant MARIO GIBSON LLC d/b/a THE FLOWER BOWL is a limited liability company (Identification No. 801842251) with its principal place of business located in Inkster, Michigan and a registered agent for service of process listed as Zaarour Law, PLLC, 835 Mason Street, Ste. C-116, Dearborn, Michigan 48124.

16.     Defendant 420 RELIEF LLC d/b/a/ FLOWER BOWL CORKTOWN is a limited liability company (Identification No. 801832282) with its principal place of business located in Detroit, Michigan and a registered agent for service of process listed as Zaarour Law, PLLC, 835 Mason Street, Ste. C-116, Dearborn, Michigan 48124.

17.     Defendant 19533 WEST WARREN, INC. d/b/a THE FLOWERBOWL DETROIT, is a Michigan corporation (Identification No. 802153954) with its principal place of business located in Detroit, Michigan and a registered agent for service of process listed as RIF HAMADE-MOUBARAK, 835 Maston Street, Ste.

C-116, Dearborn, Michigan 48124.

18.     Defendant RGH I, LLC d/b/a THE FLOWER BOWL II is a limited liability company (Identification No. 802629998) with registered agent for service of process listed as Scott Roberts, 26051 Michigan Avenue, Inkster, Michigan 48141.

19.     Defendant THE FLOWER BOWL INVESTMENT GROUP LLC is a limited liability company (Identification No. 802942219) with a registered agent for service of process listed as Zaarour Law, PLLC, 835 Mason Street, Ste. C-116, Dearborn, Michigan 48124.

20.     Defendant THE FLOWER BOWL MONROE, LLC is a limited liability company (Identification No. 802885325) with a registered agent for service of process listed as POLLICELLA, PLLC, 4312 East Grand River Avenue, Howell, Michigan 48843.

21.     Defendant ROYAL HIGHNESS PC3 LLC d/b/a FLOWER BOWL RIVER ROUGE is a limited liability company (Identification No. 802412230) with a registered agent for service of process listed as Nickolas G. Calkins, 10248 West Jefferson Avenue, River Rouge, Michigan 48218.

22.     Defendant FLOWERBOWL WESTLAND LLC is a limited liability company (Identification No. 803002629) with registered agent for service of process listed as Zaarour Law, PLLC, 835 Mason Street, Ste. C-116, Dearborn, Michigan

48124.

23.     Defendant EMMET GIBSON is a Member of Defendant MARIOGIBSON, LLC. Upon information and belief, Defendant EMMET GIBSON resides in Inkster, Michigan, within the county of Wayne.

24.     Upon information and belief Defendant MARIO GIBSON resides in Harper Woods, Michigan, within the county of Wayne.

25.     Defendant HASSAN ZAAROUR is a Member of Defendant MARIOGIBSON, LLC.   Upon information and belief, Defendant HASSAAN ZAAROUR resides in Dearborn, Michigan, within the county of Wayne.

26.     Upon information and belief, Defendant ALI MAZLOUM resides in Dearborn Heights, Michigan, within the county of Wayne.

27.     Defendant RAMONE BEATY is a Managing/Owning Member of Defendant 420 RELIEF, LLC. Upon information and belief, Defendant RAMONE BEATY resides in Southfield, Michigan, within the county of Oakland.

28.     Defendant RIF HAMADE-MOUBARAK is President, Treasurer, Secretary, Director of Defendant 19533 WEST WARREN, INC. d/b/a THE FLOWERBOWL DETROIT. Upon information and belief, Defendant RIF HAMADE-MOUBARAK resides in Dearborn, Michigan within the county of Wayne.

29.     Defendant HASSAN ZEITOUN was President and on the Board of

7

Directors of Defendant 19533 WEST WARREN, INC. d/b/a THE FLOWERBOWL DETROIT. Upon information and belief, Defendant HASSAN ZEITOUN resides in Dearborn Heights, Michigan, within the county of Wayne.

30.    Defendant ROBERT HUNSICKER is a Member of Defendant RGH I, LLC d/b/a THE FLOWER BOWL II. Upon information and belief, Defendant ROBERT HUNSICKER resides in Commerce Township, Michigan, within the county of Oakland.

31.    Upon information and belief, Defendant TAREK JAWARD resides in Dearborn, Michigan, within the county of Wayne.

32.    Upon information and belief, Defendant MOHAMMAD HAMADE resides in Dearborn, Michigan, within the county of Wayne.

33.    At all relevant times, Defendants EMMET GIBSON, MARIO GIBSON, HASSAAN ZAAROUR, ALI MAZLOUM, RIF HAMADE-MOUBARAK, HASSAN ZEITOUN, ROBERT HUNSICKER, TAREK JAWARD, and MOHAMMAD HAMADE possessed the power and authority to set and enforce, and/or delegate others with the power and authority to set and enforce, employment practices and policies, including, but not limited to, hiring and firing employees, supervising and controlling employee work schedules and/or conditions of employment, determining the rates and/or methods of payment of wages, maintaining employment records, and other employment practices and policies that

8

directly and indirectly affect Defendants' hourly employees. As a result of their involvement in the management of Defendants MARIO GIBSON LLC d/b/a THE FLOWER BOWL, 420 RELIEF, LLC d/b/a FLOWER BOWL CORKTOWN, 19533 WEST WARREN, INC. d/b/a THE FLOWERBOWL DETROIT, RGH I, LLC d/b/a THE FLOWER BOWL II, THE FLOWER BOWL INVESTMENT GROUP LLC, THE FLOWER BOWL MONROE, LLC, ROYAL HIGHNESS PC3 LLC d/b/a FLOWER BOWL RIVER ROUGE, FLOWERBOWL WESTLAND LLC, Defendants EMMETT GIBSON, MARIO GIBSON, HASSAAN ZAAROUR, ALI MAZLOUM, RIF HAMADE-MOUBARAK, HASSAN ZEITOUN, ROBERT HUNSICKER, TAREK JAWARD, and MOHAMMAD HAMADE were aware of the wage and hour violations described herein.

34. At all relevant times, Defendants were a common enterprise and "joint "employers" of Plaintiff and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

## GENERAL ALLEGATIONS

### A. Defendants Failed to Pay Plaintiff and Their Hourly Employees Overtime Wages in Violation of the FLSA

35. Plaintiff worked as an hourly employee for Defendants within the last three (3) years.

36. Throughout Plaintiff's employment with Defendants, Plaintiff routinely worked more than forty (40) hours in a given workweek.

37.     Defendants paid hourly employees, including Plaintiff, rates in the range of approximately $13.00 to $16.00.

38.     Once hired, Defendants provided their hourly employees with instruction on, *inter alia*, how to carry out their day-to-day job duties and how to track their time in Defendants' timekeeping system; and Defendants' policies. Defendants also provided these employees with weekly schedules and, where applicable, delivery routes.

39.     Plaintiff carried out her job duties and responsibilities as an hourly employee. More specifically, Plaintiff delivered cannabis to Defendants' customers in the Metro-Detroit area and followed the delivery routes Defendants provided her at the start of her scheduled shifts.

40.     Defendants maintained a policy and procedure pursuant to which they paid Plaintiff and other hourly employees at their hourly rate for all hours worked, regardless of whether the hours worked were in excess of forty (40) each week. Defendants regularly failed to pay Plaintiff and their hourly employees overtime at the rate of 1.5 times their regular rate of pay.

41.     As non-exempt employees, however, Plaintiff and similarly situated individuals were entitled to full compensation for all overtime hours worked. Under the FLSA, employees are entitled to "not less than one and one-half times the regular rate" at which they are employed for work in excess of 40 hours in a workweek. 29

U.S.C. § 207(a)(1).

42.     On December 4, 2021, Plaintiff sent a text message to her supervisor, Liz (last name unknown), complaining about how Defendants "owe[d] [her] so much money" and how she "ha[d]n't been getting [her] overtime pay." She additionally complained to Liz that she was "missing $450 + from [her] paycheck[.]"

43.     On December 5, 2021, Plaintiff sent Liz another text message stating that "it's mandatory to pay someone correctly[.]"

44.     Plaintiff also complained to Defendant Ali Mazloum during her employment. More specifically, in or around end of November/early December 2021, Plaintiff confronted Mr. Mazloum about how "everyone is saying you don't pay overtime."  Defendant Mazloum stated "Oh, we will take care of it, don't worry about it."

45.     On December 13, 2021, Defendant Mazloum terminated Plaintiff via text message stating, "Hey Lail (sic) Friday and collect your pay. I have to let you go. It wasn't my decision I tried to fight for you but the other partners out weighed me."

46.     By failing to pay Plaintiff and other hourly employees overtime for all hours worked in excess of forty (40) in a week, Defendants unquestionably violated the FLSA.

**B.** **Defendants Directly Benefited from Plaintiff's Uncompensated Overtime Work and Permitted it to Happen**

47.     At all relevant times, Defendants controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of Plaintiff and their hourly employees.

48.     Defendants expressly trained, instructed, and permitted Plaintiff and other similarly situated employees to perform more than forty (40) hours of work during numerous individual workweeks.

49.     At all relevant times, Defendants directly benefited from the work performed by Plaintiff and other hourly employees.

50.     At all relevant times, Defendants used their compensation policies against Plaintiff and all similarly situated employees by failing to pay them overtime premium compensation when they worked beyond forty (40) hours in a workweek.

51.     At all relevant times, Defendants were able to, and did, track the amount of time Plaintiff and other similarly situated employees spent in connection with the performance of their work. However, Defendants failed to compensate them at a rate of 1.5 times their regular rate for all hours worked in excess of forty (40) each week.

52.     At all relevant times, Plaintiff and the other similarly situated employees were non-exempt employees, subject to the requirements of the FLSA.

53.     Defendants knew or should have known that their hourly employees were individuals protected by the FLSA.

12

54.     Despite knowing Plaintiff and other similarly situated employees performed more than forty (40) hours of work in numerous individual workweeks, Defendants failed to make any effort to stop or disallow the unpaid overtime work and instead suffered and permitted it to happen.

### C.     **Exemplary Workweeks**

55.     The FLSA wage violations discussed herein occurred throughout Plaintiff's employment with Defendants; however, as an example of instances where Defendants failed to pay Plaintiff overtime for hours worked in excess of forty (40) hours (as mandated by the FLSA), Plaintiff identifies the workweeks of November 15 – 21, 2021 and November 22 – 28, 2021.

### COMMON ENTERPRISE ALLEGATIONS

56.     As discussed herein, Defendants were engaged in a common enterprise relative to the operations and employment of Plaintiff and other hourly employees. More specifically, and as alleged herein, Defendants represented themselves as being "a chain of recreational and medical cannabis dispensaries located in Metro-Detroit."

57.     Defendants were engaged in the aforementioned business for the joint purpose of selling and distributing their cannabis products.

58.     As discussed herein, Defendants loosely operated in the same or similar manner, under a common name, and through unified or common control. They also

advertised collectively as the Flower Bowl and repeatedly used the words "our" and "us" on their website.

## SIMILARLY SITUATED ALLEGATIONS

59.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of herself and on behalf of:

> All current and former hourly employees who work or have worked for Defendants at any time during the three years preceding the date of an order from this Court granting court-authorized notice up through and including judgment.

(hereinafter referred to as the "Putative Plaintiffs").  Plaintiff reserves the right to amend this definition if necessary.

60.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

61.     Excluded from the definition of the Putative Plaintiffs are Defendants' exempt executives, administrative and professional employees, including computer professionals and outside sales persons.

62.     Consistent with Defendants' policies and practice, Plaintiff and the Putative Plaintiffs were not paid for all premium overtime compensation when they worked beyond forty (40) hours in a workweek.

63.     All of the work Plaintiffs and the Putative Plaintiffs performed was assigned by Defendants, and/or Defendants were aware of all of the work the

Plaintiff and the Putative Plaintiffs performed.

64.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the Putative Plaintiffs.  This policy and pattern or practice includes, but is not limited to: willfully failing to pay their employees, including Plaintiff and the Putative Plaintiffs, for all premium overtime wages for hours that they worked off-the-clock in excess of forty (40) hours per workweek.

65.     Defendants were aware, or should have been aware, that federal law requires them to pay Plaintiff and the Putative Plaintiffs an overtime premium for all hours worked in excess of forty (40) per workweek.

66.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

67.     An action for Court Supervised Notice under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this action are similarly situated because (a) they were or are subject to the same or similar unlawful practices, policy, or plan; and (b) their claims are based upon the same factual and legal theories.

68.     The employment relationships between Defendants and every Putative Plaintiff are the same and differ only by name and rate of pay. The key issues – the

amount of uncompensated overtime owed to each employee – do not vary substantially among the proposed Putative Plaintiffs.

69.    Upon information and belief, there are many similarly situated current and former hourly employees who have been underpaid in violation of the FLSA. They would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

70.    Plaintiff estimates the Putative Plaintiffs, including both current and former hourly employees over the relevant period, includes hundreds of members. The precise number should be readily available from a review of Defendants' personnel and payroll records.

71.    Plaintiff and the Putative Plaintiffs were subject to Defendants' uniform policy and practice of failing to pay an overtime premium for all hours worked in excess of 40 in a workweek and which violated the FLSA.

72.    Plaintiff and the Putative Plaintiffs' claims are based on the same legal theories, namely, Defendants' statutory violations, and proof of Defendants' violations, as well as Defendants' unlawful conduct, will be common across all Putative Plaintiffs.

73.    Plaintiff asserts that at least a strong likelihood exists that she is similarly situated to the Putative Plaintiffs.

74.    The Putative Plaintiffs should be notified of and allowed to opt-in to

this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the Putative Plaintiffs, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

**COUNT I**
**FLSA COLLECTIVE ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

75.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

76.    At all times relevant to this action, Defendants have been subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

77.    At all times relevant to this action, Defendants have been engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

78.    At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

79.    At all relevant times, Defendants jointly employed Plaintiff and all other Putative Plaintiffs within the meaning of the FLSA.

80.    Plaintiff and the Putative Plaintiffs, by virtue of their job duties and activities actually performed, are all non-exempt employees.

81.    Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in

17

commerce or in the production of goods for commerce.

82.     At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

83.     At all times relevant to this action, Defendants required Plaintiff and all Putative Plaintiffs to perform work in excess of forty (40) hours in any given workweek, and Defendants failed to pay these employees the federally mandated overtime compensation for all work performed.

84.     The work performed every shift by Plaintiff and the Putative Plaintiffs was an essential part of their jobs and these activities.

85.     In workweeks where Plaintiff and the Putative Plaintiffs worked forty (40) hours or more, the uncompensated off-the-clock work time, and all other overtime should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage, including shift differential where applicable. 29 U.S.C. § 207.

86.     Defendants' violations of the FLSA have been knowing and willful. Defendants have known or could have determined how many overtime hours their hourly employees were working in any given workweek. Further, Defendants could have easily accounted for and properly compensated Plaintiff and the Putative Plaintiffs in accordance with the FLSA's overtime mandates, but did not.

87.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**(BROUGHT BY PLAINTIFF HARB INDIVIDUALLY)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, _et seq._ – RETALIATION**

88.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

89.     Section 215 of the FLSA provides in relevant part:

(A) … [I]t shall be unlawful for any person—
                    *       *       *
(3)  to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act …, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

90.     In an opinion addressing Section 215(a)(3), the Supreme Court held:

To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. This standard can be met, however, by oral complaints, as well as by written ones.

_Kasten v. Saint-Gobain Performance Plastics Corp_., 563 U.S. 1, 14 (2011).

91.     "To establish a prima facie case of retaliation, an employee must prove

that (1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action." *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).

92.     Plaintiff engaged in protected activity under the FLSA by complaining to Defendants about Defendants' unlawful compensation policies and practices including Defendants' failure to pay Plaintiff overtime premium compensation when she worked beyond forty (40) hours in a workweek.

93.     Defendants took adverse action against Plaintiff by terminating her employment on December 13, 2021.

94.     The adverse action Defendants took against Plaintiff was caused by her complaints regarding Defendants' unlawful compensation policies and practices.

95.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of Section 215(a)(3), an employee is entitled to "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages," as well as attorneys' fees and costs. Accordingly, Plaintiff seeks to recover compensatory damages, liquidated damages, punitive damages, fees and costs.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the following relief:

a.      An Order authorizing Court Supervised Notice pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide Plaintiff a list of all current and former hourly employees who work or have worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b.      In the event the Defendants seek to have discovery on the issues of whether the Putative Plaintiffs are similarly situated to Plaintiff, an order tolling the FLSA statute of limitations for the Putative Plaintiffs as of the filing of this Complaint through the end of the *Clark* discovery period;

c.      A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e.      A declaratory judgment that Defendants' violations of the FLSA were willful;

f.      A declaratory judgment that Defendants retaliated against Plaintiff by terminating her employment and awarding Plaintiff all relief available for Defendants' violation of 29 U.S.C. § 215(a)(3), including but not limited to compensatory damages, liquidated damages, and punitive damages;

g.      A monetary judgment awarding full back pay and an equal amount in liquidated damages;

h.      An award of pre-judgment and post-judgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

j.    Such other and further relief as this Court deems just and proper.

Dated: May 9, 2024                Respectfully Submitted,

                                  /s/ Matthew L. Turner
                                  Matthew L. Turner (P48706)
                                  Alana A. Karbal (P82408)
                                  SOMMERS SCHWARTZ, P.C.
                                  One Towne Square, 17th Floor
                                  Southfield, Michigan 48076
                                  Telephone: 248-355-0300
                                  mturner@sommerspc.com
                                  akarbal@sommerspc.com

                                  *Counsel for Plaintiff and the Putative Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff Laial Harb, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: May 9, 2024                Respectfully Submitted,

                                  /s/ Matthew L. Turner
                                  Matthew L. Turner (P48706)
                                  Alana A. Karbal (P82408)
                                  Kathryn Milz (*pro hac vice* forthcoming)
                                  SOMMERS SCHWARTZ, P.C.

22

One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: 248-355-0300
mturner@sommerspc.com
akarbal@sommerspc.com

*Counsel for Plaintiff and the Putative Plaintiffs*